IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Vante Birch, # 332723, | ) | |
| | ) | |
| | ) | Civil Action No. 6:14-4577-DCN-KFM |
| Plaintiff, | ) | |
| | ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. | ) | |
| | ) | |
| David Sheffield, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    This is a civil rights action filed by a state prisoner. Therefore, in the event that a limitations issue arises, the plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to district court). Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge.

    The above-captioned case is one of three cases concerning alleged incidents of excessive force or the use of a chemical munition received by the Clerk's Office in Columbia on December 2, 2014. *Vante Birch v. Gerline Johnson*, Civil Action No. 6:14-4575-DCN-KFM, concerns an incident on March 29, 2013. *Vante Birch v. Raquel Cain*, Civil Action No. 6:14-4576-DCN-KFM, concerns an incident on June 20, 2012. *Vante Birch v. David Sheffield*, Civil Action No. 6:14-4577-DCN-KFM (the above-captioned case), concerns two incidents on May 8, 2013.

    In an order (doc. 8) filed in this case on December 11, 2014, the undersigned authorized service of process. On the same date, the Clerk of Court transmitted the summons and service documents to the United States Marshals Service for service of

process (doc. 12). On March 3, 2015, the United States Marshals Service filed a "Service Return Unexecuted" document (doc. 13) indicating that it had not been able to serve the defendant at the address provided by the plaintiff.

In an order (doc. 16) filed by the undersigned in this case on March 4, 2015, the undersigned apprised the plaintiff of the 120-day rule for service of process and gave the plaintiff the opportunity to submit a new Form USM-285 and summons within twenty-one days. In the order, the plaintiff was apprised that, if the defendant has not been served at the end of the 120-day period for service of process, as calculated in accordance with the holding in *Robinson v. Clipse*, 602 F.3d 605, 608–09 (4th Cir. 2010), the defendant would be subject to dismissal *without prejudice* for failure of service. The plaintiff submitted a new Form USM-285 and new summons on March 25, 2015 (doc. 19). The proposed service documents directed that service be effected upon the defendant at the SCDC Headquarters.

In an order (doc. 22) filed in this case on March 26, 2015, the undersigned authorized service of process via the Form USM-285 and summons submitted by the plaintiff on March 25, 2015. The undersigned also once again apprised the plaintiff of the 120-day rule for service of process (doc. 22 at 2). On June 1, 2015, the United States Marshals Service filed a "Service Return Unexecuted" document, which indicated that it had not been able to serve the defendant at the address provided by the plaintiff and that it had attempted to locate the defendant using "DMV" (Department of Motor Vehicle) records (doc. 26). The plaintiff was mailed notice by the Clerk of Court that the summons had been returned unexecuted on June 1, 2015 (doc. 26). More than 120 days have now passed since service of process was last authorized on March 26, 2015, and the defendant has not been served. Case law interpreting Federal Rule of Civil Procedure 4(m) or its predecessor, "old" Rule 4(j), has uniformly held that dismissal is mandatory unless good

cause is shown if a defendant is not served within 120 days. *See*, *e.g.*, *Mendez v. Elliott*, 45 F.3d 75, 78–80 (4th Cir. 1995) (collecting cases).[*]

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case without prejudice for failure of service of process. The attention of the plaintiff is directed to the Notice on the next page.

September 9, 2015                              s/ Kevin F. McDonald
Greenville, South Carolina              United States Magistrate Judge

---

[*]Other courts were not kindly disposed to the holding in *Mendez v. Elliott*. In *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 526 (D. Md. 1999) ("While the court acknowledges that it is not free to ignore valid Fourth Circuit precedent merely because the overwhelming weight of circuit court authority is to the contrary, . . . the court believes that the continued vitality of *Mendez* is seriously in doubt."), the district court concluded that *Mendez v. Elliott* was superannuated by *Henderson v. United States*, 517 U.S. 654, 658 n. 5 (1996), and that the United States Court of Appeals for the Fourth Circuit, if given the chance, would overrule *Mendez v. Elliott*. *See also Melton v. TYCO Valves & Controls, Inc.*, 211 F.R.D. 288, 289–90 (D. Md. 2002) ("Based on the Supreme Court's clear explication of the meaning of Rule 4(m) in *Henderson* to allow discretionary extensions of time for service of process and on the other circuit courts' unanimous rejection of the *Mendez* court's position, this Court believes that the continued vitality of *Mendez* is seriously in doubt. *Hammad*, 31 F.Supp.2d at 527."). *But see Vander Linden v. Wilbanks*, 128 F. Supp. 2d 900, 904 n. 2 (D.S.C. 2000) (noting that while some unpublished Fourth Circuit decisions cast doubt on *Mendez*, there was no published Fourth Circuit decision repudiating it). Both *Hamad* and *Melton* were subsequently abrogated by *Chen v. Mayor & City Council of Baltimore*, 292 F.R.D. 288, 293 (D. Md. 2013) ("Yet, despite the apparent avalanche of cases within this circuit that question the validity of *Mendez*, this Court's most recent decisions affirm the authority of *Mendez*. . . . This court joins the recent groundswell of cases affirming the import of the good cause requirement announced in Mendez.").

3

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

4